IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In the Matter of the Application of ANTONIO WEI for an Order Seeking Discovery Under 28 U.S.C. § 1782. | Civil Action No. 18-mc-117-RGA |

## MEMORANDUM OPINION

Richard L. Renck and Oderah C. Nwaeze, DUANE MORRIS LLP, Wilmington, DE; Evangelos Michailidis, DUANE MORRIS LLP, New York, NY, attorneys for Applicant.

Patricia R. Urban, PINCKNEY, WEIDINGER, URBAN, & JOYCE LLC, Greenville, DE; Janet Kljyan, NEUFELD, O'LEARY & GIUSTO, New York, NY, attorneys for Hacienda Intercontinental Realty, Inc.

October 23, 2018


**ANDREWS, U.S. DISTRICT JUDGE:**

Pending before the Court is Respondent Hacienda Intercontinental's Motion to Quash Subpoena. (D.I. 12). The parties have fully briefed the issues. (D.I. 13; D.I. 14; D.I. 17). For the following reasons, the Court will grant Respondent's Motion to Quash Subpoena.

## I. Background

Applicant Antonio Wei ("Applicant") filed an Ex Parte Application pursuant to 28 U.S.C. § 1782 on April 16, 2018 seeking discovery for use in a foreign legal proceeding against his brother, Peter Wei. (D.I. 1). At the time of his application, Applicant stated that he intended "to file an action against Mr. Wei in Brazil in connection with his alleged misconduct in connection with the sale of an ownership interest in the John Street Building." (D.I. 2 at 9). Applicant sought discovery from Respondent Hacienda Intercontinental ("Respondent"), a company which owned the John Street Building at the time of the challenged sale. (D.I. 2). The Court granted the application on April 26, 2018. (D.I. 4). Respondent filed a Motion to Quash Subpoena on August 8, 2018. (D.I. 12).

## II. Legal Standard

"The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made . . . upon the application of any interested person." 28 U.S.C. § 1782(a). Accordingly, three statutory requirements must be met for this Court to have authority to compel discovery under § 1782(a): (1) the party from whom discovery is sought must reside or be found in the district; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by an

interested person. *Id; see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004).

If a district court has the authority to compel the production of evidence under § 1782(a), whether to do so becomes a matter of discretion. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Factors that inform this discretion are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–65. Courts must also bear in mind the twin aims of § 1782(a): "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

### III.  Discussion

Respondent asserts that the grant of a subpoena under § 1782 is improper for three reasons: (1) the subpoena is invalid because it was served after the time period set out in the Court's order (D.I. 4); (2) the subpoena fails to meet the statutory requirements; and (3) two of the four *Intel* factors weigh in favor of quashing the subpoena. (D.I. 13 at 6).

The subpoena is not invalid. Though the subpoena was served on Respondent roughly a week after the deadline in my order, Respondent had notice of the subpoena well within the covered time period. While it is Applicant's responsibility to ensure that it has properly served the correct party, Respondent has not alleged that any prejudice has arisen from the delay. Respondent has been able to file its objections to the subpoena, as evidenced by its motion to

quash. Because no prejudice has been alleged and Respondent had notice before the deadline, I find the subpoena valid.

However, the statutory requirements of § 1782 have not been met. Respondent asserts that Applicant is not an "interested person" and that the information sought is not "for use" in a foreign proceeding. (D.I. 13 at 6). There is not a foreign proceeding within reasonable contemplation. While a proceeding need not be pending, nor even imminent to permit grant of an application under § 1782, *see Intel*, 542 U.S. at 259, the applicant must show that a foreign proceeding is within "reasonable contemplation." *In re Intel Corp. Microprocessor Antitrust Litig.*, 2008 WL 4861544, at *11 (D. Del. Nov. 7, 2008). As Respondent recognizes, an applicant must provide "reliable indications of the likelihood that proceedings will be instituted within a reasonable time" for a proceeding to be within "reasonable contemplation." *Id.* at *16. Retaining counsel and discussing the possibility of initiating litigation is not enough "to make an objective showing that the planned proceedings were within reasonable contemplation." *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 124 (2d Cir. 2015).

Here, at the time Applicant filed his application, he stated that "he intends to file an action against Mr. Wei in Brazil in connection with his alleged misconduct in connection with the sale of an ownership interest in the John Street Building." (D.I. 2 at 9).[1] However, Applicant's own filings with the Court indicate that a foreign proceeding is not within reasonable contemplation.

---

[1] The Court recognizes that Applicant has since articulated his anticipated legal claims with more specificity. However, the relevant question under §1782 is whether "at the time the evidence is sought, . . . the evidence is eventually to be used" in a foreign proceeding. *Intel*, 542 U.S. at 259. Therefore, the Court must assess whether proceedings were in "reasonable contemplation" at the time the application was filed.

3

First, Applicant has not represented that he has retained counsel in Brazil or the Isle of Jersey to discuss initiating litigation. Mr. Wei's declaration identifies some potential legal theories for the Brazilian action but makes no mention of counsel. (D.I. 3). There is a fair inference that there is no Brazilian counsel. Moreover, Applicant did not raise the possibility of litigation in the Isle of Jersey at the time of his application (D.I. 2; D.I. 3) and only now states that Applicant "intends to bring an action . . . possibly, in the Isle of Jersey." (D.I. 14 at 5). Therefore, there is a fair inference that Applicant did not have Jersey counsel at the time his application was filed and therefore a Jersey proceeding is not reasonably contemplated.

Second, the potential legal theories that Applicant has articulated in his post-application briefing do not point to specific causes of actions under Brazilian law. Applicant states that his "claims will likely include breach of fiduciary duty, fraud, conversion, and possibly, duress." (D.I. 14 at 5). These are common law claims in the United States. However, Brazil is a civil law jurisdiction. *The Legal System of Brazil*, The Law Library of Congress, https://www.loc.gov/law/help/legal-research-guide/brazil-legal.php?loclr=bloglaw (last updated June 9, 2015). Applicant has not identified any specific Brazilian statutes that would permit these claims. (D.I.2; D.I. 3; D.I. 14 at 5, 7). Nor has Applicant pointed to any specific cause of action he may pursue under Brazil's forced heirship laws. (D.I. 14 at 5, 7). This lack of specificity also supports an inference that Applicant has failed to consult Brazilian counsel.

Finally, Applicant has not indicated that he has taken any other affirmative step towards initiating litigation beyond the § 1782 applications he has submitted in this court and in the United States District Court for the Southern District of New York. Applicant has not objectively shown that a foreign proceeding is within "reasonable contemplation."

4

## IV. Conclusion

As Applicant has not met the statutory requirements, there is no need to analyze the *Intel* factors. For the foregoing reasons, Respondent's Motion to Quash Subpoena is GRANTED.

An accompanying order will be entered.